**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| JULIETTE YOLANDA WHITTED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 19-cv-370 (APM) |
| SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

Plaintiff Juliette Whitted, proceeding pro se, brings this action challenging the denial of disability benefits and supplemental security income. *See* Compl., ECF No. 1 [hereinafter Compl.]. Regrettably, her action is time-barred and must be dismissed.

A person contesting a final decision of the Commissioner of Social Security must commence such action "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The agency's regulations add five days to the 60-day statutory period to account for a person's receipt of notice sent by mail. *See* 20 C.F.R. § 422.210(c); *Ducusin v. Comm'r of Soc. Sec.*, 650 F. Supp. 2d 76, 80 (D.D.C. 2009) (observing that, "[i]n effect, [§ 422.210(c)] alters the statutory filing period for all litigants—the 60–day period commences not on the date of the notice, but on the date of the plaintiff's *receipt* of the notice"). Thus, to be timely, a claimant has to initiate suit within 65 days of the notice's date of mailing.

In this case, Plaintiff filed her action too late. After an administrative law judge denied Plaintiff's claim for benefits, the Appeals Council denied Plaintiff's request for review. *See* Mot.

to Dismiss Pl.'s Compl., ECF No. 6, Decl. of Michael Sampson, ECF No. 6-2, ¶ 3(a). The Appeals Council mailed its decision on November 13, 2018. *Id.* Thus, Plaintiff had to file her case within 65 days of that date, or January 17, 2019. But she did not do so, instead filing almost a month later on February 13, 2019. *See* Compl.

Although Plaintiff made multiple filings after Defendant moved to dismiss, none responded substantively to the limitations argument. *See* ECF Nos. 8–11. The court therefore has no basis before it on which to consider equitably tolling. *See Bowen v. City of New York*, 476 U.S. 467, 479 (1986) (stating that the 60-day time limit must be "strictly construed" as "a condition on the waiver of sovereign immunity"). Plaintiff's action is therefore time-barred.

For the foregoing reasons, Defendant's Motion to Dismiss is granted. A separate final order accompanies this Memorandum Opinion.

Dated: November 14, 2019

Amit P. Mehta
United States District Court Judge